IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC JON WICK,

        Petitioner,                           No. CIV S-06-0282 MCE CMK P

    vs.

K. PROSPER, et al.,

        Respondent.                 FINDINGS AND RECOMMENDATIONS

        Petitioner is a state prisoner proceeding pro se with this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his habeas application, petitioner challenges a disciplinary action taken against him while he was incarcerated at California Correctional Center. Respondent moves to dismiss petitioner's habeas application on the grounds that the petition is barred for failure to exhaust state court remedies, procedural default and violation of the Antiterrorism and Effective Death Penalty Act's (AEDPA) one-year statute of limitations. (Doc. 14.) Petitioner has filed a response to the motion to dismiss. (Doc. 15.)

I.      Failure to Exhaust State Remedies

        Respondent's first argument is that this petition must be dismissed for failure to exhaust state remedies. The exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims sought to be presented in habeas corpus proceedings. See Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner can satisfy the exhaustion

requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971), Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).  The fair presentation requirement is not met if the state's highest court does not reach the merits of a claim due to the procedural context in which it was presented.  See Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994).

Here, petitioner failed to exhaust his state remedies on his claim concerning his disciplinary hearing because he failed to exhaust his administrative remedies.  (Mot. Dismiss, Ex. 1.)  Both the California Court of Appeal and the California Supreme Court denied petitioner's habeas application.  (Mot. Dismiss, Exs. 2 & 3.)  Neither court denied the application on the merits of petitioner's claim; instead the denial was on the procedural grounds that petitioner had failed to meet the state exhaustion requirement.  (Mot. Dismiss, Exs. 2 & 3.)  Because petitioner's state habeas application was denied on procedural grounds, the fair presentation requirement is not met.  See Roettgen, 33 F.3d at 38.

Accordingly, the court finds that petitioner has failed to exhaust his state remedies.

II.     Procedural Default

Petitioner's failure to exhaust his administrative remedies, as discussed above, constitutes a procedural default of his claim. When a petitioner has defaulted on a procedural requirement and is unable to demonstrate cause and prejudice or a fundamental miscarriage of justice, a district court need not reach the merits of the federal habeas petition.  See Park v. Cal., 202 F.3d 1146, 1150 (9th Cir. 2000).  Where the state court decision declining to hear the merits of a claim rests on a state law ground that is independent of the federal question and adequate to support the state court judgment, federal habeas review is barred.  See id. at 1151.

///

///

1       Here, the state court petition was denied on a state procedural ground,
2  independent of any federal question, that was adequate to support the judgment–a failure to
3  exhaust administrative remedies. (Mot. Dismiss, Exs. 1-3.) Because petitioner's claims are
4  procedurally defaulted, federal habeas review is precluded.
5  III.    Statute of Limitations
6       Even assuming arguendo, that petitioner's claims were not barred by failure to
7  exhaust and procedural default, they would be barred under AEDPA's one-year statute of
8  limitations.
9       On April 24, 1996, Congress enacted AEDPA, which places a one year statute of
10 limitations on the filing of petitions for writs of habeas corpus. See 28 U.S.C. § 2244(d). The
11 one-year limitations period applies to all federal petitions filed after the effective date of
12 AEDPA. As this petition was filed on February 9, 2006, AEDPA's statute of limitations applies.
13 Untimely petitions are barred from federal review. See 28 U.S.C. § 2244(d).
14      Generally, a state prisoner challenging his custody has one year to file his federal
15 petition from the date on which his conviction became final by the conclusion of direct review,
16 or the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d)(1)(A).
17 Calculating the timeliness of the federal petition requires more than simply looking at the date of
18 the final state court judgment and the date the federal petition was filed. That is because the
19 proper filing of a state habeas petition application concerning the pertinent conviction tolls the
20 one-year limitations period. See 28 U.S.C. § 2244(d)(2).
21      AEDPA's one year statute of limitations provision is subject to equitable tolling.
22 See Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled
23 in part on other grounds by Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530 (9th Cir.
24 1998)(en banc). In order to win equitable tolling, a prisoner must demonstrate (1) extraordinary
25 circumstances beyond the prisoners control that (2) made it impossible to file a petition on time.
26 Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). Equitable tolling is "unavailable in

most cases." <u>Miles v. Prunty</u>, 187 F.3d 1104, 1107 (9th Cir. 1999). Indeed, "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." <u>Miranda v. Castro</u>, 292 F.3d 1063, 1066 (9th Cir. 2002). This high bar is necessary to effectuate the "AEDPA's statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." <u>See</u> <u>Guillory v. Roe</u>, 329 F.3d 1015, 1018 (9th Cir. 2003). The burden of demonstrating grounds for equitable tolling rests with the prisoner. <u>See</u> <u>id.</u>

After a hearing, petitioner was found guilty of Conspiracy to Commit a Bribe. He received a written notification of this decision on August 21, 2001, at which time he became aware of the factual predicate of his claim. (Mot. Dismiss, Ex. 4.) On September 28, 2001, petitioner filed a habeas petition in the Lassen County Superior Court, which was denied for failure to exhaust administrative remedies. (Mot. Dismiss, Ex. 1.) Petitioner did not appeal this decision to a higher court. Instead, he waited nearly two years, until June 30, 2003, to file another state habeas petition regarding the same issue.

The time that a state application is "pending" includes the period between a lower court's denial of relief and filing in a higher court, provided that the filing in the higher court is timely under state law. <u>Carey v. Saffold</u>, 536 U.S. 214 (2002). The Supreme Court recently stated that an unexplained delay of six months during interval between state appellate court's denial of California prison inmate's state habeas corpus petition, and inmate's filing of notice of appeal from that decision, could not be "reasonable." <u>See</u> <u>Evans v. Chavis</u>, 546 U.S. 189, 126 S.Ct. 846, 854 (2006). Therefore, the court finds that the two year delay between petitioner's first habeas petition and his second one is unreasonable and he is not entitled to tolling during this time. Accordingly, his one-year limitations period had already run by the time he filed this federal habeas petition. The court finds that his petition should be dismissed with prejudice.

///

///

III.   Conclusion

The court finds that petitioner's state court remedies were not exhausted, that his claims are procedurally defaulted, and that he failed to file his federal habeas petition within AEDPA's one-year statute of limitations period.

Accordingly, IT IS RECOMMENDED that:

1. Respondent's motion to dismiss should be granted.

2. Petitioner's petition for a writ of habeas corpus should be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  February 1, 2007.

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE